IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 1:21-CV-318-MR-WCM |
| | ) | |
| WALMART, INC. | ) | |
| | ) | |
| Defendant. | ) | |

*************************************************************************

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:21-CV-320-MR-WCM |
| v. | ) | |
| | ) | |
| NICHOLAS MARLOW | ) | |
| *In his individual capacity,* | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the following Motions to Consolidate: <u>Johnnie R. Simmons, Jr. v. Walmart, Inc.</u>, No. 1:21-cv-00318-MR-WCM, Doc. 39; <u>Johnnie R. Simmons, Jr. v. Nicholas Marlow</u>, No. 1:21-cv-00320-MR-WCM, Doc. 31 (collectively, the "Motions to Consolidate").

1

I. Background

A. Relevant Procedural History

On October 25, 2021, Plaintiff Johnnie R. Simmons, Jr. ("Plaintiff"), appearing *pro se*, filed these two actions: (1) <u>Johnnie R. Simmons, Jr. v. Walmart, Inc.</u>, No. 1:21-cv-318 (the "Walmart Action"); and (2) <u>Johnnie R. Simmons, Jr. v. Nicholas Marlow</u>, No. 1:21-cv-320 (the "Marlow Action").[1]

In January of 2022, attorney Latrisha Chantel Cherry-Lassiter appeared for Plaintiff in both cases, and Amended Complaints were filed. No. 1:21-cv-318, Docs. 13, 20; No. 1:21-cv-320, Docs. 12, 15.[2]

On April 21, 2022, a Pretrial Order and Case Management Plan was entered in the Marlow Action. No. 1:21-cv-320, Doc. 28. That Pretrial Order set the following deadlines:[3]

| | |
|---|---|
| Rule 26 Disclosures: | May 5, 2022 |
| Expert Designations – Plaintiff: | July 1, 2022 |
| Expert Designations – Defendant: | August 1, 2022 |
| Discovery: | November 8, 2022 |
| Mediation: | November 18, 2022 |
| Motions Deadline: | December 8, 2022 |
| Trial: | May 8, 2023 term |

---

[1] Plaintiff initially named additional defendants in both the Walmart and Marlow Actions, but those defendants have since been dismissed.

[2] Plaintiff is also now represented in both cases by Harry M. Daniels, who was admitted *pro hac vice*, and Chance Lynch. No. 1:21-cv-318, Docs. 23, 33; No. 1:21-cv-320, Docs. 22, 29.

[3] No deadline to designate a mediator was imposed because the parties had already designated Wayne Huckel to serve in that capacity.

On October 24, 2022, following the resolution of a Motion to Dismiss, a Pretrial Order and Case Management Plan was entered in the Walmart Action. No. 1:21-cv-318, Doc. 38. That Pretrial Order set the following deadlines:

| | |
|---|---|
| Rule 26 Disclosures: | November 23, 2022 |
| Designation of Mediator: | November 14, 2022[4] |
| Expert Designations – Plaintiff: | February 17, 2023 |
| Expert Designations – Defendant: | March 17, 2023 |
| Discovery: | July 7, 2023 |
| Mediation: | July 25, 2023 |
| Motions Deadline: | August 8, 2023 |
| Trial: | January 8, 2024 term |

On October 28, 2022, Plaintiff filed the Motions to Consolidate. Neither Walmart nor Marlow has filed a response, and the time to do so has passed. Therefore, the Motions to Consolidate are unopposed.

### B. Plaintiff's Allegations

#### 1. The Walmart Action

The Amended Complaint in the Walmart Action alleges as follows:

On November 23, 2018, Plaintiff, who is black, was in the Walmart store located at 705 East Dixon Blvd. in Shelby, North Carolina to conduct a Western Union transaction at the front of the store. No. 1:21-cv-318, Doc. 20 at ¶ 10. After completing his transaction, he "stopped to gather and organize his

---

[4] On November 14, 2022, Plaintiff filed a Notice indicating that the parties had also designated Wayne Huckel to serve as mediator in the Walmart Action. No. 1:21-cv-318, Doc. 40.

personal items" at which point he was approached by Marlow "who was working as security, an agent/employee at Defendant Walmart 1034." Id. at ¶ 11.

Plaintiff alleges that although he did not cause a disturbance, disrupt the store, or interfere with other customers, Marlow grabbed Plaintiff's arms and placed him in handcuffs. In the process, he physically slammed Plaintiff into metal shopping carts and onto the concrete floor. After Plaintiff was handcuffed, Marlow escorted Plaintiff through the store to the Loss Prevention Office, even though Plaintiff informed Marlow that he did not possess any property belonging to Walmart. Id. at ¶¶ 12–17.

In the Loss Prevention Office, Marlow searched Plaintiff's luggage but did not find any of Walmart's property. Marlow finally removed the handcuffs and released Plaintiff. Id. at ¶ 18

Plaintiff alleges that he suffered personal injuries because of the encounter, and that he sustained other emotional and economic damages. Id. at ¶ 20.

Plaintiff's Amended Complaint includes the following claims for relief: assault and battery, false imprisonment/false arrest, violation of 42 U.S.C. §

1981, violation of 42 U.S.C. § 1982, defamation *per se*, and intentional infliction of emotional distress.[5]

### 2. The Marlow Action

The Amended Complaint in the Marlow Action likewise makes claims arising from the November 23 incident. See No. 1:21-cv-320, Doc. 15.

In the Marlow Action, however, Plaintiff asserts claims against Marlow in his individual capacity and contends that Marlow was "acting under color of state law in his capacity as a law enforcement officer employed by the City of Shelby, North Carolina, Cleveland County, North Carolina." Id. at ¶ 6. Plaintiff's Amended Complaint includes the following claims: violation of 42 U.S.C. § 1983, battery, false imprisonment/false arrest, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1981.

## II. Discussion

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a "common question of law or fact." When applying Rule 42(a), courts consider "whether the specific risks of prejudice and possible confusion" that may be caused by consolidation are outweighed by the risk of inconsistent adjudications; the burden on the parties, witnesses,

---

[5] Plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1982, as well as his claim for defamation *per se* and his request for punitive damages have been dismissed. See No. 1:21-cv-318, Doc. 35.

and available judicial resources posed by multiple lawsuits; the length of time required to complete multiple suits; and the "'relative expense to all concerned of [a] single-trial'" versus multiple trials. Campbell v. Boston Scientific Corporation, 882 F.3d 70, 74 (4th Cir. 2018) (quoting Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)). District courts have broad discretion in determining whether cases should be consolidated under Rule 42(a). See McCoy v. Biomet Orthopedics, LLC, No. CV ELH-12-1436, 2019 WL 6324558, at *5 (D. Md. Nov. 25, 2019) ("Notably, the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation").

Here, the similarity of the Walmart and Marlow Actions favors consolidation. Although Plaintiff has named different defendants in each case, the Walmart and Marlow Actions involve common questions of law and fact; both are based on the November 23 incident, assert similar claims, and appear to raise similar issues, including whether Marlow improperly detained Plaintiff, and the nature and extent of Plaintiff's injuries. See Progress Solar Solutions v. Fire Protection, Inc., No. 5:17-CV-152-D, No. 5:19-CV-5-D, 2020 WL 5732621, at *3 (E.D.N.C. Sept. 24, 2020) ("Although actions involving the same parties are apt candidates for consolidation, complete identity of parties is not required. A common question of law or fact is enough") (internal citations omitted).

On the other hand, the request to consolidate comes late in the Marlow Action; the deadlines to complete court-enforceable discovery and conduct mediation have passed, and the December 8, 2022 deadline to file dispositive motions, if any, is near.

Ultimately, though, the undersigned is persuaded that the Motions to Consolidate should be allowed. See Green v. Midland Credit Management, Inc., No. 3:19-CV-00680-FDW-DSC, 2020 WL 8510022 *3 (W.D.N.C. December 17, 2020) ("allowing these cases to remain separate would likely be more burdensome on all parties than if the Court were to order consolidation. Both cases rest on the exact same allegations of fact and law; proceeding with two separate courses of litigation would result in duplicative motions, duplicative discovery, and an inefficient allocation of judicial resources"); Quillen v. Guttman, No. CIV. RDB 09–1986, 2010 WL 1416122, at *2 (D. Md. Apr. 5, 2010) ("Policies of judicial economy generally favor the consolidation of related actions") (citing Coyne & Delaney Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996)); see also Campbell, 882 F.3d at 74 (judicial economy considers whether separate trials would be "largely repetitive" such that they would impose burden, delay, and expense on the judicial system).

The Court also concludes that the consolidated matters should proceed on the schedule previously set for the Walmart Action.

**IT IS THEREFORE ORDERED THAT**:

1. The Motions to Consolidate (No. 1:21-cv-318, Doc. 39; No. 1:21-cv-320, Doc. 31) are **GRANTED**, and <u>Johnnie R. Simmons, Jr. v. Nicholas Marlow</u>, No. 1:21-cv-00320-MR-WCM is **CONSOLIDATED WITH** <u>Johnnie R. Simmons, Jr. v. Walmart, Inc.</u>, No. 1:21-cv-00318-MR-WCM.

2. The consolidated cases will proceed on the schedule set by the Pretrial Order and Case Management Plan previously entered in the Walmart Action (No. 1:21-cv-318, Doc. 38). Specifically, the following deadlines will apply:

   a. Expert Designations – Plaintiff: February 17, 2023
   b. Expert Designations – Defendants: March 17, 2023
   c. Discovery: July 7, 2023
   d. Mediation: July 25, 2023
   e. Motions: August 8, 2023
   f. Trial: January 8, 2024 term

Signed: November 23, 2022

W. Carleton Metcalf
United States Magistrate Judge