THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00318-MR-WCM

| | |
|---|---|
| JOHNNIE R. SIMMONS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| JOHNNIE R. SIMMONS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NICHOLAS MARLOW, in his individual capacity, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**SUPPLEMENTAL PRETRIAL ORDER
AND CASE MANAGEMENT PLAN**

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Supplemental Pretrial Order and Case Management Plan in this matter.

I.

The Pretrial Order and Case Management Plan previously entered in this matter sets forth certain requirements for the parties to follow in preparing for and trying a civil case before this Court. These requirements are not a mere formality but rather are essential to the efficient administration of the trial. To ensure such efficient administration, the Court hereby supplements these requirements so as to better elucidate the parties' responsibilities and the Court's expectations. A party's failure to comply with the requirements set forth in the Pretrial Order and Case Management Plan, as supplemented herein, may subject such party to an administrative fine for interfering with the efficient administration of the trial.

II. DEPOSITIONS TO BE USED AT TRIAL

A. Page/line designations for any depositions to be used at trial, whether discovery or *de bene esse* depositions, shall be filed no later than fourteen (14) days before the final pretrial conference. Objections and counter-designations

shall be filed no later than seven (7) days before the final pretrial conference, and objections to any such counter-designations shall be filed no later than two (2) business days before the final pretrial conference. Failure to meet these deadlines may result in summary exclusion of the designated testimony or the summary denial of the objections.

B. If the parties are unable to resolve all of the objections to the designated deposition testimony, such objections that remain will be resolved at the final pretrial conference. Thus, a copy of the transcript excerpts necessary for the Court to understand such designations and objections must be filed with the Court no later than two (2) business days before the final pretrial conference.

C. If counsel intends to use deposition or trial testimony given in another case, such designation must be accompanied by a statement as to how counsel contends such testimony is admissible in the present action.

D. While the parties may present deposition or trial testimony by reading such testimony into the record, the use of video recording is strongly encouraged.

E. If testimony is presented by video, the video must be edited so as to exclude any testimony for which an objection has been sustained and so that the video can be played for the jury without any interruptions.

F. Before the trial begins, counsel shall provide the Court with an estimate of the length of any deposition or trial testimony to be proffered (<u>e.g.</u>, for a video deposition, counsel shall provide the playtime length of the edited video; for a deposition that will be read, counsel shall provide an estimate of the length of time to read the edited transcript into the record).

### III. EXHIBIT LISTS AND EXHIBIT NOTEBOOKS

A. Final exhibit lists must be submitted before the trial begins. Exhibit lists must follow the format set forth in the Pretrial Order and Case Management Plan.

B. Exhibit lists must list <u>each exhibit</u> counsel reasonably anticipates using at trial, whether offered as substantive or

illustrative evidence, or whether it is to be used on direct or cross-examination or to refresh a witness's recollection.

C. While exhibit lists should not be under-inclusive, they also should not be over-inclusive. Exhibit lists should not include all exhibits that counsel believes may *possibly* be used at trial. If necessary, the parties may supplement their exhibit lists at trial with additional exhibits upon a showing of good cause and a lack of surprise or unfair prejudice to the opponent. Counsel should prepare exhibit lists with a few blank spaces at the end to allow for the exhibit lists to be amended as the trial progresses; counsel should not file amended exhibit lists in the middle of trial.

D. The exhibit lists should designate each exhibit individually; the use of group exhibits (e.g., designating a series of photographs as one exhibit) is discouraged. The parties may, however, designate a group of exhibits in such a way as to indicate their related nature (e.g., designating a series of photographs as Exhibit 1A, Exhibit 1B, Exhibit 1C, etc.). "Catch-all" exhibits (e.g., an exhibit designation of "all materials provided in discovery") are not permitted.

E. Exhibit notebooks also must be tendered to the Court before the beginning of trial. Such notebooks must contain one clean, legible copy of each exhibit on the party's exhibit list. For any exhibits that are added during the trial, a copy must be handed up to the Court at or before the time that the particular exhibit is offered.

## IV. WITNESS LISTS

A. Witness lists must be filed no later than noon on the business day before jury selection.

B. Each witness list must identify all persons who may be called to testify at trial. Any person not so named on a witness list will not be allowed to testify absent a showing of good cause.

C. Each witness list must identify those witnesses who will be testifying live and those who will be testifying by deposition.

D. Each witness list must identify any witness that counsel intends to tender as an expert as well as the area of expertise of that witness.

E. Each witness list must identify all witnesses who will appear at trial pursuant to a trial subpoena.

## V. JURY SELECTION

A. The Court utilizes a "mandatory strike method" for jury selection. Pursuant to this method, the Clerk will call 14 members of the jury pool into the jury box. The Court will then conduct the voir dire of the 14 prospective jurors. Each side will then be allowed approximately 20 minutes to conduct a voir dire of the 14 prospective jurors. Each side will then be given the opportunity to make any motions with respect to the jury panel, i.e., challenges for cause. Motions to strike for cause will be heard at the bench. If any of the prospective jurors are stricken for cause, then those members will be replaced with new members of the jury pool.

B. The Court will then conduct a voir dire of the new members of the 14 prospective jurors who have replaced the members who were stricken for cause. This will be followed by an opportunity for the Plaintiff to likewise voir dire the new members, followed by a like opportunity for the Defendant. Counsel will ordinarily be allowed approximately two minutes per new member of the panel

for such voir dire. If there are any additional motions to strike for cause as to the new members of the panel they would be heard in the same manner as before at this time.

C. Once all 14 positions are filled with prospective jurors who have not been challenged for cause, then the parties will exercise their peremptory challenges in the following manner. First, the Plaintiff will be called upon to exercise one of its peremptory challenges. This will be initiated by the Court by saying: "What says the Plaintiff as to the jury panel?" After the Plaintiff has excused one juror, then the parties will exercise their remaining challenges for each side by alternating. In other words, after the Plaintiff has stricken one, then the Defendant will strike one, followed by the Plaintiff striking another, until the parties have used all of their peremptory challenges.

D. Once all the peremptory strikes have been used by both sides, then there will only be 8 members of the 14 remaining. All eight will sit as jurors to decide the case. There will be no alternates. However, since only six jurors are required for a civil trial, if any one or two members of

8

the jury are excused or dismissed after being empaneled, then the remaining jurors will decide the case.

**IT IS SO ORDERED.**

Signed: November 16, 2023

Martin Reidinger
Chief United States District Judge