THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00318-MR-WCM

| | |
|---|---|
| JOHNNIE R. SIMMONS, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>        Defendant.<br>_____ | CIVIL CASE NO.<br>1:21-cv-00318-MR-WCM |
| JOHNNIE R. SIMMONS, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>NICHOLAS MARLOW,<br><br>        Defendant.<br>_____ | CIVIL CASE NO.<br>1:21-cv-00320-MR-WCM |

## J U D G M E N T

**THIS MATTER** came for trial and was heard by the undersigned judge, and a jury was empaneled on January 22, 2024. Before the close of the Plaintiff's evidence, the Defendant Nicholas Marlow moved for a mistrial based on misconduct on the part of the Plaintiff in the presence of the jury. The Court granted the Defendant's motion, finding that the Plaintiff's

misconduct was in direct contravention and disobedience of the express directions of the Court. The Court therefore declared a mistrial and found and concluded that the Plaintiff's actions warranted the taxing of the jury costs against the Plaintiff. The Court ordered such costs to be payable immediately and that such costs would be reduced to a judgment if not paid before the conclusion of this case.

On February 2, 2022, the Plaintiff and the Defendant Nicholas Marlow filed a Stipulation of Dismissal dismissing all remaining claims in this action. To date, the jury costs have not paid to the Clerk of Court.

The Court previously entered an Order consolidating <u>Simmons v. Walmart, Inc.</u>, Civil Case No. 1:21-cv-00318-MR-WCM, and <u>Simmons v. Marlow</u>, Civil Case No. 1:21-cv-00320-MR-WCM, for all pretrial matters and trial. The Court also previously entered an Order granting the Defendant Walmart, Inc.'s Motion for Summary Judgment and dismissing all of the Plaintiff's claims against Walmart, Inc. with prejudice. Additionally, the Court granted summary judgment in favor of the Defendant Nicholas Marlow on the Plaintiff's claims for civil rights violations under 42 U.S.C. § 1981, and the Plaintiff's state law claims for false imprisonment, false arrest, and intentional infliction of emotional distress, and such claims were dismissed with prejudice.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendant Walmart, Inc. is not liable to the Plaintiff Johnnie R. Simmons, Jr., for civil rights violations under 42 U.S.C. §§ 1981-82, or for assault, battery, false imprisonment, false arrest, defamation per se, intentional infliction of emotional distress under North Carolina law, and such claims are **DISMISSED WITH PREJUDICE**. The Plaintiff shall recover nothing from the Defendant Walmart, Inc. in the form of damages as to these claims.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant Nicholas Marlow is not liable to the Plaintiff Johnnie R. Simmons, Jr., for civil rights violations under 42 U.S.C. § 1981, or for claims for false imprisonment, false arrest, and intentional infliction of emotional distress under North Carolina law, and such claims are **DISMISSED WITH PREJUDICE**. The Plaintiff shall recover nothing from the Defendant Nicholas Marlow in the form of damages as to these claims.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's claims against the Defendant Nicholas Marlow for excessive force under 42 U.S.C. § 1983 and for assault and battery under North Carolina law are **DISMISSED WITH PREJUDICE** pursuant to the parties' Stipulation of Dismissal.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Plaintiff shall pay to the Clerk of Court a total of **FOUR THOUSAND EIGHTY-TWO DOLLARS AND NINETEEN CENTS ($4,082.19)** for the jury costs incurred in the conduct of the trial of this action prior to the mistrial being declared.

Signed: February 13, 2024

Martin Reidinger
Chief United States District Judge